IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY JANE YAKAS, on behalf of
Herself and All Others Similarly Situated,

    Plaintiff,

v.

CHASE MANHATTAN BANK USA,
N.A., Predecessors, Successors, and
Subsidiaries, and DOES 1–100, Names and
Addresses Currently Unknown

    Defendants.

No. C 09-02964 WHA

**ORDER DENYING MOTION TO DEFER BRIEFING ON MOTION FOR CLASS CERTIFICATION**

Defendant Chase Manhattan Bank has moved to alter the case schedule to delay briefing on plaintiff's motion for class certification currently scheduled for hearing on April 29, 2010. Defendant proposes to defer the class certification briefing schedule until after a ruling on a planned motion for partial summary judgment that defendant proposes to file by April 30, 2010. As explained in detail below, defendant's motion to alter the case schedule is **GRANTED IN PART**.

Plaintiff desires to represent a class of borrowers who entered into home equity lines of credit. Plaintiff entered into a HELOC agreement with defendant in April 2004 with a $71,750 credit limit secured by a property she owned in Concord, California. In order to obtain the HELOC, plaintiff was required to submit an appraisal by a licensed appraiser of her property. The appraisal valued plaintiff's property at $718,000.

The HELOC agreement also required plaintiff to pay a non-refundable annual fee of $20.00 "during the Draw Period and any extension of the Draw Period." The term Draw Period was not defined in the HELOC agreement and the parties dispute its meaning. Plaintiff claims it meant, "any period during which the borrower could draw from the HELOC account." Defendant claims it meant the same as Advance Period, which was defined in the HELOC agreement as "a period of 120 Monthly Statement Periods after the date [plaintiff's] Credit Account is opened."

The HELOC agreement allowed defendant to alter plaintiff's credit privileges if the value of her property declined "significantly below its original appraised value for purposes of this Credit Account." The HELOC agreement did not define "significantly" or specify how the value of plaintiff's property should be determined for purposes of alterng plaintiff's credit privileges.

On December 13, 2008, defendant unilaterally suspended future draws on plaintiff's HELOC, stating that the valuation of plaintiff's property no longer supported her line of credit. Prior to the suspension, plaintiff had $24,181 available to draw upon her HELOC. Defendant used an Automated Valuation Model to determine the reduced value of plaintiff's property. In April 2009, plaintiff's anniversary month, defendant charged plaintiff the $20.000 annual fee.

Plaintiff asserts claims in this matter for breach of contract and unjust enrichment. In her first claim, plaintiff alleges that defendant breached the HELOC agreement in three different ways. *First*, plaintiff alleges that defendant breached the HELOC agreement when it failed to obtain an appraisal by a licensed appraiser (instead of merely using an AVM valuation) prior to suspending her line of credit. *Second*, plaintiff alleges that the AVM used by defendant was unreliable because it did not take into account any improvements made to plaintiff's property and did not account for the equity in plaintiff's property. *Third*, plaintiff alleges that defendant breached the HELOC agreement by not pro rating the $20 annual fee after it suspended her credit line and by charging her another $20 annual fee after it suspended her credit line. In her second claim, plaintiff alleges that defendant was unjustly enriched because it charged her an annual fee the year after it suspended draws from her HELOC.

2

Defendant now seeks to delay briefing on plaintiff's motion for class certification s that it may submit a motion for partial summary judgment on the issue of whether its AVM was reliable. Even if successful, however, this would not be dispositive of either of plaintiff's claims. As explained, the issue of AVM reliability is only key to one of the three ways that plaintiff alleges defendant breached the HELOC agreement. It would therefore not improve the efficiency of the schedule to defer the briefing of the class certification until after defendant's proposed motion for partial summary judgment, and defendant's motion to do so is **DENIED**.

Defendant moves in the alternative to continue the hearing on plaintiff's motion for class certification to allow defendant to complete plaintiff's deposition before filing its opposition. Plaintiff's deposition is set for April 13, 2010. Defendant has filed a sworn declaration stating that plaintiff was unavailable before this date. This motion is **GRANTED**. Defendant's opposition to plaintiff's motion for class certification shall be due no later than **NOON ON APRIL 22, 2010.** Plaintiff's reply shall be due no later than **NOON ON APRIL 29, 2010.** The hearing on the motion for class certification shall be held on **MAY 13, 2010, AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: April 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE